# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JAIME RODRIGUEZ-MATA,<br><br>Defendant | CASE NO. 1:10-CR-00394-AWI<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. Nos. 14, 16) |

Defendant Jaime Rodriguez-Mata brings a motion for compassionate release—and to reduce his sentence to time served—under 18 U.S.C. § 3582(c)(1)(A)(i). See Doc. Nos. 14, 16. For the reasons that follow, the Court will deny the motion.

## **BACKGROUND**

On October 15, 2003, Rodriguez-Mata was deported from the United States following a conviction for second degree robbery in violation of California Penal Code § 211. See Doc. No. 1 at 1:21-27. On December 12, 2011, Rodriguez-Mata pleaded guilty to reentering the United States in violation of 8 U.S.C. § 1326, Doc. Nos. 11 and 12, and on December 15, 2011, this Court sentenced him to 37 months imprisonment in the custody of the federal Bureau of Prisons ("BOP"). Doc. Nos. 12 and 13.

Rodriguez-Mata is serving his sentence at Great Plains Correctional Institution ("CI Great Plains") in Oklahoma. See Doc. No. 21 at 2:15; Doc. No. 14 at 4.[1] His projected release date is December 22, 2021, with the application of Good Conduct Time. Doc. No. 21-1 at 2. He has

---

[1] Unless otherwise indicated, page citations to documents filed with the Court electronically are to the page numbers in the CM/ECF stamp at the top of each page.

served approximately 24 months, accounting for approximately 65% of his sentence. Id. at 4.

Rodriguez-Mata is 48 years of age. Docket No. 21-1 at 2, 5. He has a body mass index ("BMI") of 33.4, Doc. No. 16-1 at 6, and is receiving treatment for hypertension and high cholesterol. Doc. No. 21-1 at 5.

## DEFENDANT'S MOTION

Rodriguez-Mata argues that compassionate release (a reduction of his sentence to time served) is warranted under 18 U.S.C. § 3582(c)(1)(A)(i) because his BMI, hypertension and high cholesterol place him at "substantial risk if he contracts COVID-19" and CI Great Plains "has been unable to handle the COVID pandemic." Doc. No. 16 at 1:20-26. He further argues that early release would be consistent with 18 U.S.C. § 3553 because this Court erroneously enhanced his sentence in 2011. Id. at 9:20-21.

The United States argues in opposition that elevated COVID-19 risk does not justify release because Rodriguez-Mata is only in his 40s and because "[h]is medical conditions are [] being well-controlled." Doc. No. 21 at 1:24-26. Thus, the United States contends Rodriguez-Mata "has only a generalized concern about COVID-19" that does not merit early release. Id. at 6:12-13.

## LEGAL FRAMEWORK

A court may generally "not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); Dillon v. United States, 560 U.S. 817, 819 (2010). Courts may grant compassionate release, however, for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).

The statutory basis for compassionate release is set forth in 18 U.S.C. § 3582(c). Prior to 2018, 18 U.S.C. § 3582(c) allowed only for motions brought by the Director of BOP on behalf of prisoners, but the First Step Act of 2018 ("FSA") amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to bring their own motions for compassionate release in district court, following exhaustion of administrative remedies. United States v. Sheldon, 2021 WL 276691, at *1 n.2 (D. Idaho Jan. 27, 2021); Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

18 U.S.C. § 3582(c)(1)(A)(i) now provides:

The court may not modify a term of imprisonment once it has been imposed except that—

2

>        (1) in any case—
>
>            (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
>                (i) extraordinary and compelling reasons warrant such a reduction ...
>
>            and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission ….

18 U.S.C. § 3582(c)(1)(A)(i).

Prior to enactment of the FSA, the United States Sentencing Commission ("Sentencing Commission") issued a policy statement—U.S.S.G. § 1B1.13— "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13; see United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020). In addition to providing a "catch-all" provision, the Application Notes for § 1B1.13 specifically state that the "extraordinary and compelling" standard in 18 U.S.C. § 3582(c)(1)(A)(i) can be satisfied based on the medical condition, age or family circumstances of a defendant. U.S.S.G. § 1B1.13.[2] As to medical condition, the "extraordinary and compelling" standard is satisfied where a defendant

---

[2] Policy Statement § 1B1.13 was issued in 2006 and last amended on November 1, 2018. U.S.S.G. § 1B1.13. The Ninth Circuit has not addressed the issue, but because the FSA was enacted after the November 1, 2018 amendment to § 1B1.13, several federal courts of appeals have held that § 1B1.13 is not binding on district courts. See United States v. Brooker, 976 F.3d 228, 230, 235–37 (2d Cir. 2020); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1108–12 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020). Even courts that have found § 1B1.13 to be "outdated," however "have held it continues to provide 'helpful guidance' " in deciding sentence modification motions. United States v. Burrill, 445 F. Supp. 3d 22, 24 n.2 (N.D. Cal. 2020) (quoted source omitted); see also, Gunn, 980 F.3d at 1180 ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive."); McCoy, 981 F.3d at 282 n.7. This Court will use § 1B1.13 as a guide and sees no need on this motion to determine whether it is binding. See United States v. Sanders, 2021 WL 78869, at *2 (E.D. Cal. Jan. 6, 2021); see also, United States v. Parker, 461 F. Supp. 3d 966, 980 n.9 (C.D. Cal. 2020); United States v. Soto, 2020 WL 7468751, at *3 (N.D. Cal. Dec. 18, 2020).

.

suffers from a terminal illness or other serious condition that "substantially diminishes" the defendant's ability "to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Id., cmt. n.1(A). As to age, the "extraordinary and compelling" standard is satisfied where a defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id., cmt. n.1(B). As to family circumstances, the "extraordinary and compelling requirement" is satisfied by the "death or incapacitation of the caregiver of the defendant's minor child" or a situation in which the defendant is the "only available caregiver" for the defendant's incapacitated spouse or registered partner. Id., cmt. n.1(C).

Before a defendant brings a motion seeking compassionate release in district court, the defendant must "ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595; see also, United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) ("A defendant who has not 'requested compassionate release from the [BOP] or otherwise exhausted his administrative remedies' is not entitled to a reduction of his term of imprisonment."). The failure to exhaust administrative remedies as mandated by 18 U.S.C. § 3582(c)(1)(A) is a jurisdictional failure. See Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); United States v. Miranda, 2021 WL 826259, at *2 (E.D. Cal. Mar. 4, 2021) (Ishii, J.); United States v. Greenlove, 469 F. Supp. 3d 341, 349 (M.D. Pa. 2020); United States v. Smith, 460 F. Supp. 3d 783, 792 (E.D. Ark. 2020).

"The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction," United States v. Greenhut, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998)), and to show that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) has been satisfied. See United States v. Addison, 2020 WL 4601637, at *2 (E.D. La. Aug. 11, 2020) (and cases cited therein); Miranda, 2021 WL 826259 at *3.

## DISCUSSION

It appears Rodriguez-Mata submitted a letter requesting a sentence reduction to the

4

1 "facility administrator" at CI Great Plains on March 9, 2021. Doc. No. 16-1 at 119. The Court has
2 not found a copy of that request in the record, but the record shows that the facility administrator
3 sent a response on March 13, 2021 denying the request on grounds relating to Rodriguez-Mata's
4 immigration status. Id. The response further states that Rodriguez-Mata "did not list any
5 extraordinary or compelling circumstances" for consideration; failed to provide "release plans"
6 with respect to place of residence and means of support; and failed to provide information on how
7 he would receive medical treatment following release. Id. Finally, the response states that the
8 denial of Rodriguez-Mata's request could be appealed through BOP channels. Id.

On these facts, the Court lacks jurisdiction over this motion for three reasons.

First, this Court has previously held that administrative remedies must be exhausted before a motion for compassionate relief is filed in district court and that putative exhaustion of administrative remedies while a § 3582(c)(1)(A) motion is pending does not confer subject matter jurisdiction over the motion. United States v. Martinez, 2020 WL 5603718, at *5 (E.D. Cal. Sept. 17, 2020) (Ishii, J.); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006). The instant motion was supplemented on April 6, 2021 by Rodriguez-Mata's appointed counsel, but Rodriguez-Mata commenced this proceeding by filing the motion *pro se* on February 16, 2021, several weeks before submitting his March 9, 2021 administrative request for early release to the facility administrator at CI Great Plains. Doc. Nos. 14, 16. Thus, even assuming (as the Court does for purposes of deciding this motion) that the facility administrator at CI Great Plains is the functional equivalent of a "warden" for purposes of 18 U.S.C. § 3582(c)(1)(A), the Court did not have jurisdiction over this motion when it was filed and remains without power to grant the relief Rodriguez-Mata is seeking.

Second, this Court has previously held that, in order to exhaust administrative remedies, an administrative request for compassionate release to a warden generally must contain the information called for under 28 C.F.R. § 571.61(a), including the "extraordinary or compelling circumstances that the inmate believes warrant consideration," "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and if the basis for the request involves the inmate's health, information on where the inmate will receive

5

1  medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a)(1)-(2);
2  United States v. Tafoya-Ramos, 2020 WL 7425341, at *3 (E.D. Cal. Dec. 18, 2020) (Ishii, J.); see
3  also, United States v. Mogavero, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) ("Proper
4  exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-
5  release request to the warden."). The March 13, 2021 response from the facility administrator at CI
6  Great Plains indicates that Rodriguez-Mata's March 9, 2021 request did not set forth reasons for
7  early release or provide the release plan required under 28 C.F.R. § 571.61(a). Rodriguez-Mata
8  does not dispute the characterization of his release request in the facility administrator's March 13,
9  2021 response and as noted above, there does not appear to be a copy of Rodriguez-Mata's request
10 for early release on the record. Thus, regardless of the timing issues discussed above, the Court
11 cannot find that Rodriguez-Mata exhausted administrative remedies before coming to this Court
12 for relief.

13      Third, this Court has previously held that, where a warden denies an administrative request
14 for compassionate release within 30 days of receipt, a prisoner must complete the BOP appeals
15 process in order to exhaust administrative remedies. United States v. Sprenkle, 2020 WL 7490083,
16 at *3 (E.D. Cal. Dec. 21, 2020) (Ishii, J.) (citing United States v. Greenlove, 469 F. Supp. 3d 341,
17 348 (M.D. Pa. 2020), United States v. Ng Lap Seng, 459 F. Supp. 3d 527, 536 (S.D.N.Y. 2020)
18 and United States v. Opoku, 2020 WL 3404735, at *2 (S.D. Miss. June 19, 2020)). Here, the
19 record shows that that the CI Great Plains facility administrator denied Rodriguez-Mata's request
20 for early release within a few days of receipt, and there is no indication on the record that
21 Rodriguez-Mata pursued an administrative appeal in any fashion. Doc. No. 135-1 at 15. Thus, the
22 Court lacks jurisdiction for failure to exhaust administrative remedies regardless of the timing and
23 content of the request.   See Sprenkle, 2020 WL 7490083 at *2 (citing Gallo Cattle, 159 F.3d at
24 1197).

25       In any event, Rodriguez-Mata is well below the crucial age threshold of 65 identified by
26 the Centers for Disease Control ("CDC"),  CDC, *COVID-19: Medical Conditions* ("[m]ore than
27 80% of COVID-19 deaths occur in people over age 65"), available at:
28 https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

conditions.html (last checked May 10, 2021), and on the lower end of the obesity spectrum with a BMI of 33.4. See id. (stating that "overweight" classification starts at BMI of 25, "obesity" starts at BMI of 30, and "severe obesity" starts at BMI of 40). It also appears that his hypertension and high cholesterol are under control, see Doc. No. 21-1 at 5, and he makes no showing as to the COVID-19 infection rate at CI Great Plains. Indeed, he does not even rebut the assertion by the United States that there are no reported active COVID-19 cases at the facility. See Doc. No. 21 at 1:25-27. The Court therefore agrees with the United States that Rodriguez-Mata has done no more than argue a generalized fear of COVID-19, see Doc. No. 21 at 21:12-13, and will deny this motion on the alternative basis that Rodriguez-Mata has not met his burden to show "extraordinary and compelling reasons" for compassionate release. See Greenhut, 2020 WL 509385 at *1; Raia, 954 F.3d at 597 ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

In sum, Rodriguez-Mata has not met his burden to show that the Court has the power to grant the relief he is seeking, see Addison, 2020 WL 4601637 at *2, or "extraordinary and compelling reasons" warranting release. See Greenhut, 2020 WL 509385 at *1. In light of these findings, it is unnecessary for the Court to consider Rodriguez-Mata's arguments with respect to sentencing guidelines under 18 U.S.C. § 3553, and the Court will deny the motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant Jaime Rodriguez-Mata's motion for compassionate release (Doc. Nos. 14 and 16) is DENIED.

IT IS SO ORDERED.

Dated:   May 11, 2021

_____
SENIOR DISTRICT JUDGE