UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JAIME RODRIGUEZ-MATA,<br><br>Defendant | CASE NO. 1:10-CR-00394-AWI-1<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. No. 25) |

Defendant Jaime Rodriguez-Mata brings a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Doc. No. 25. For the reasons that follow, the Court will deny the motion.

## BACKGROUND

On October 15, 2003, Rodriguez-Mata was deported from the United States following a conviction for second degree robbery in violation of California Penal Code § 211. See Doc. No. 1 at 1:21-27.[1] On December 12, 2011, Rodriguez-Mata pleaded guilty to reentering the United States in violation of 8 U.S.C. § 1326, Doc. Nos. 11 and 12, and on December 15, 2011, this Court sentenced him to 37 months imprisonment in the custody of the federal Bureau of Prisons ("BOP"). Doc. Nos. 12 and 13.

Rodriguez-Mata is currently housed at the Federal Correctional Institution Williamsburg. ("FCI Williamsburg"). See Doc. No. 30 at 2 n.1. His projected release date is December 22, 2021, with application of Good Conduct Time. Id. at 2:16-19. He has served approximately 27 months, accounting for approximately 73% of his sentence. See id.

---

[1] Unless otherwise indicated, page citations to documents filed with the Court electronically are to the page numbers in the CM/ECF stamp at the top of each page.

Rodriguez-Mata is approximately 48 years of age. Docket No. 21-1 at 2, 5. He has a body mass index ("BMI") of 33.4, Doc. No. 25 at 6:3-4, as well as hypertension and high cholesterol. Id. at 8:2-5.

On February 16, 2021, Rodriguez-Mata filed a pro se motion for compassionate release based on a COVID-19 lockdown. Doc. No. 14. On February 18, 2021, the Court appointed a federal defender to assist Rodriguez-Mata with the motion. Doc. No. 15. On April 6, 2021, Rodriguez-Mata supplemented his motion through counsel, asserting that obesity, high cholesterol and hypertension amplified his COVID-19 risk. Doc. No. 16.

The Court denied Rodriguez-Mata's February 26, 2021 motion for compassionate release for failure to exhaust administrative remedies and, in the alternative, for failure to establish an "extraordinary and compelling" reason for early release in that there did not appear to be any active COVID-19 cases at the facility in which Rodriguez-Mata was detained; Rodriguez-Mata was a relatively young man toward the low end of the obesity spectrum; and Rodriguez-Mata's hypertension and high cholesterol appeared to be under control. Doc. No. 24.

Rodriguez-Mata filed the instant motion on July 6, 2021, arguing that obesity, high cholesterol and hypertension amplify his COVID-19 risk and that early release is particularly warranted in his case because he has now "served 100% of the high end" of what his sentence should have been in light of a 2018 Ninth Circuit decision holding that robbery is not a crime of violence. Doc. No. 25 at 1-2.

## LEGAL FRAMEWORK

A court may generally "not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); Dillon v. United States, 560 U.S. 817, 819 (2010). Courts may grant compassionate release, however, for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).

The statutory basis for compassionate release is set forth in 18 U.S.C. § 3582(c). Prior to 2018, 18 U.S.C. § 3582(c) allowed only for motions brought by the BOP Director on behalf of prisoners, but the First Step Act of 2018 ("FSA") amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to bring their own motions for compassionate release in district court, following

exhaustion of administrative remedies. United States v. Sheldon, 2021 WL 276691, at *1 n.2 (D. Idaho Jan. 27, 2021); Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Specifically, 18 U.S.C. § 3582(c)(1)(A)(i) provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction ...
>>
>> and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission ….

18 U.S.C. § 3582(c)(1)(A)(i).

"The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction," United States v. Greenhut, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998)), and to show that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) has been satisfied. See United States v. Addison, 2020 WL 4601637, at *2 (E.D. La. Aug. 11, 2020) (and cases cited therein).

Prior to enactment of the FSA, the United States Sentencing Commission ("Sentencing Commission") issued a policy statement—U.S.S.G. § 1B1.13— "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13; see United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020). In addition to providing a "catch-all" provision, the Application Notes for § 1B1.13 state that the "extraordinary and compelling" standard in 18 U.S.C. § 3582(c)(1)(A)(i) can be satisfied based on the medical condition, age or family circumstances of a defendant. U.S.S.G. § 1B1.13. As to medical condition,

the "extraordinary and compelling" standard is satisfied where a defendant suffers from a terminal illness or other serious condition that "substantially diminishes" the defendant's ability "to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Id., cmt. n.1(A).  As to age, the "extraordinary and compelling" standard is satisfied where a defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id., cmt. n.1(B). As to family circumstances, the "extraordinary and compelling requirement" is satisfied by the "death or incapacitation of the caregiver of the defendant's minor child" or a situation in which the defendant is the "only available caregiver" for the defendant's incapacitated spouse or registered partner. Id., cmt. n.1(C).

The Ninth Circuit has held U.S.S.G. § 1B1.13 "only applies to § 3582(c)(1)(A) motions filed by the BOP Director, and does not apply to § 3582(c)(1)(A) motions filed by a defendant." United States v. Aruda, 993 F.3d 797, 801-02 (9th Cir. 2021). Thus, "U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding," id. at 802 (citing Gunn, 980 F.3d at 1180), and "district courts are 'empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise.' " Id. at 801 (quoting United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020)) (some internal quotation marks omitted) (emphasis original).

## DISCUSSION

The Court again finds that Rodriguez-Mata has failed to show "extraordinary and compelling reasons" for early release.[2] See 18 U.S.C. § 3582(c)(1)(A)(i). His BMI has not changed and he has not aged significantly since his first motion. There is no indication on the record of any new complications involving his hypertension or high cholesterol. And according to the BOP website, there are no current COVID-19 cases among prisoners housed at FCI Williamsburg. See

---

[2] The United States does not contend that Rodriguez-Mata failed to exhaust administrative remedies, so the Court will address only the merits of Rodriguez-Mata's motion. Cf. United States v. Keller, 2 F.4th 1278, 1282 (9th Cir. 2021) (holding that § 3582(c)(1)(A)'s administrative exhaustion requirement "must be enforced when properly raised by the government").

1  BOP, *COVID-19 Cases*, available at https://www.bop.gov/coronavirus/index.jsp (last checked
2  August 10, 2021).  Further, Rodriguez-Mata acknowledges that he is now vaccinated. Doc. No. 35
3  at 3:6-4:9; see United States v. Smith, 2021 WL 1890770, at *3 (E.D. Cal. May 11, 2021) ("district
4  courts across the country, including within this Circuit, have held almost uniformly that a
5  defendant's vaccination undercuts any claims of 'extraordinary and compelling reasons' based on a
6  high risk of infection"). Rodriguez-Mata argues that the Delta variant of COVID-19 poses risk
7  despite vaccination, Doc. No. 35 at 3:6-4:9, but even assuming vaccination does not provide
8  meaningful protection against the Delta variant, Rodriguez has done no more than argue a
9  generalized fear of the Delta variant, with no showing of individualized risk, specific to him,
10 sufficient to justify the exceptional relief he is seeking. Cf. Raia, 954 F.3d at 597 ("the mere
11 existence of COVID-19 in society and the possibility that it may spread to a particular prison alone
12 cannot independently justify compassionate release"). Moreover, while it is not clear to what extent
13 Rodriguez-Mata makes this argument, the supposedly excessive length of Rodriguez-Mata's
14 sentence cannot constitute an "extraordinary and compelling" reason for early release given the
15 terms of his voluntary plea agreement. See United States v. Bridgewater, 995 F.3d 591, 595 (7th
16 Cir. 2021); Doc. No. 11.

17        Finally, Rodriguez-Mata's contention that early release "would be consistent with the 18
18 U.S.C. § 3553 factors" because his sentence is too long, see Doc. No. 25 at 2:3-5, is unavailing
19 because Rodriguez-Mata expressly agreed in his voluntary plea agreement not to move for 'a
20 downward departure or variance of his sentence [] under … the factors of 18 U.S.C. § 3553," Doc.
21 No. 11 at 3:25-27, and in any event, Rodriguez-Mata's failure to meet the threshold requirement of
22 showing "extraordinary and compelling reasons" for early release makes it unnecessary for the
23 Court to weigh 18 U.S.C. § 3553 factors on this motion. See 18 U.S.C. § 3582(c)(1)(A)(i).

24        For the foregoing reasons, Rodriguez-Mata's motion for compassionate release will be
25 denied.

26 //
27 //
28 //

5

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant Jaime Rodriguez-Mata's motion for compassionate release (Doc. No. 25) is DENIED.

IT IS SO ORDERED.

Dated: August 10, 2021

_____
SENIOR DISTRICT JUDGE